UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-21797-KMM

JEFF FLEURANVILLE,

    Plaintiff,
v

MIAMI-DADE COUNTY, *et al.*,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 (ECF No. 23), in which Defendants seek a finding of entitlement to attorneys' fees.[1] Plaintiff filed a Response (ECF No. 25), to which Defendants replied (ECF No. 27). Upon consideration of the Motion, Response, Reply, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that Defendants' Motion be **GRANTED**.

**I.   BACKGROUND**

Plaintiff filed this suit in connection with his arrest and subsequent detention in May of 2018. Defendants, Miami-Dade County Police Department Officers Joseph Wislin, Gregory Cheever, Ernesto Miranda, Lashonya Leonard, and Darlene Cordero,[2] were dispatched to investigate allegations of sexual assault on Plaintiff's mother at her home, where Plaintiff resided. Plaintiff alleges that while

---

[1] The matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida to take all necessary and proper action as required by law (ECF No. 24).
[2] Miami-Dade County was dropped as a Defendant between Plaintiff's first and Amended Complaint. *See* (ECF Nos. 1, 10).

riding his bike home to meet with the officers, he was "jumped" by three plainclothes officers and slammed to the ground. (ECF No. 10 at ¶ 21). Plaintiff was then handcuffed and transported to Miami-Dade County jail where he was interrogated regarding the sexual assault of his mother. (*Id.* at ¶¶ 22–23). Despite Plaintiff's denials, Plaintiff was remanded to the County jail and charged with ten counts of sexual battery against his mother. Plaintiff's charges of sexual battery were later "no actioned," and amended to charge Plaintiff with one count of kidnap and one count of battery on the elderly. (*Id.* at ¶¶ 27–28). Plaintiff was held without bond in the Miami-Dade County Jail until July 25, 2019, when the amended charges were *nolle prossed* by the Miami-Dade State Attorney's Office. (*Id.* at ¶ 31). After fourteen months in jail, Plaintiff was left with no gainful employment and no place to live. (*Id.* at ¶ 38). As part of his allegations, Plaintiff claimed that "no reasonable police officer would have arrested the Plaintiff with the information and lack of evidence available at the time of arrest." (*Id.* at ¶ 44).

Plaintiff brought claims of false arrest under Florida and Federal law, and malicious prosecution under Florida and Federal law against each named Defendant. Defendants moved collectively to dismiss the Complaint as having been barred by the doctrine of qualified immunity. Specifically, Defendants argued that the officers had actual or arguable probable cause to support their actions; therefore, Plaintiff's false arrest and malicious prosecution claims were barred under both federal and Florida law. (ECF No. 17). Defendants attached the arrest affidavit, which include descriptions of statements by the victim, and corroborating statements by the victim's daughter. (ECF No. 17-1). The statements by the victim included allegations of sexual assault perpetrated by the victim's son, the Plaintiff.

The District Court granted Defendants' Motion to Dismiss on the grounds that the Officer's actions were supported by probable cause. (ECF No. 22). The Complaint in its entirety was dismissed with prejudice. Plaintiff moved to reconsider; that too was denied.

Defendants now move the Court to determine entitlement to attorney's fees under 42 U.S.C. § 1988, and in accordance with Southern District of Florida Local Rule 7.3.  (ECF No 23).

## II.   LEGAL STANDARD

In the United States, it is the general rule that in the absence of explicit statutory authority, litigants must pay their own attorneys' fees.  *See Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Hum. Res.*, 532 U.S. 598, 602–603 (2001); *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 415 (1978).  However, Congress has authorized courts to deviate from this general rule in certain cases by shifting fees from one party to another.  *Fox v. Vice*, 563 U.S. 826, 832 (2011).  Under 42 U.S.C. § 1988(b), "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee."  42 U.S.C. § 1988(b); s*ee Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1296 (11th Cir. 2021).

To determine whether Defendants were the prevailing parties in this action, the Court examines whether the District Court's judgment rebuffed Plaintiff's efforts to effect a material alteration in the legal relationship between the parties.  *See Beach Blitz Co.*, 13 F.4th at 1296.  In other words, the Court conducts a practical examination of whether "the case [was] resolved in the defendant's favor."  *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 432 (2016).

If a defendant is deemed to be a prevailing party, that defendant may only be awarded attorneys' fees under 42 U.S.C. § 1988 "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or "that the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garment Co.*, 434 U.S. at 421.  "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

It is not necessary for a party to show that the opposing party brought their claims in bad faith when seeking attorney's fees. *Christiansburg*, 434 U.S. at 419–21. However, a finding of bad faith—even if not subjective bad faith—constitutes a basis for attorneys' fees regardless of the three factors enumerated in *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1190 (11th Cir. 1985), as more fully set out below. *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 n. 6 (11th Cir.1996).

The frivolity of a claim must be determined on a case-by-case basis. *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1190 (11th Cir. 1985). In determining whether a suit is frivolous, "a district court must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981).

According to *Sullivan*, the United States Court of Appeals for the Eleventh Circuit has established three elements for courts to follow when determining frivolity. They are referred to as the *Sullivan* factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or had a full-blown trial on the merits." 773 F.2d at 1189. Although foundational in making the determination, the *Sullivan* factors "are general guidelines only, not hard and fast rules." *Id.* In addition to the *Sullivan* factors, the Eleventh Circuit has added a fourth factor, which it describes as "particularly important:" "whether there was enough support for the claim to warrant close attention by the court." *Beach Blitz Co.*, 13 F.4th at 1302.

III.  **DISCUSSION**

Defendants are the prevailing parties. The Court dismissed each of Plaintiff's claims with prejudice, thereby rebuffing Plaintiff's opportunity to litigate the claims and resolving the case in Defendants' favor. *See CRST Van Expedited, Inc.*, 578 U.S. at 432. Plaintiff concedes that Defendants

4

are the prevailing party. Accordingly, the analysis moves to the application of the *Sullivan/Blitz Beach Co.* factors.

Plaintiff's Complaint brought four counts of false arrest under 42 U.S.C. § 1983 (Counts 1 through 4), five counts of false arrest under Florida law (Counts 11 through 15), six counts of malicious prosecution under 42 U.S.C. § 1983 (Counts 5 through 10), and five counts of malicious prosecution under Florida law (Counts 16 through 20). However, each claim failed upon the District Court's finding that the arrests and subsequent prosecution were supported by probable cause. (ECF No. 22).

Defendants argue that each of the *Sullivan/Beach Blitz Co.* factors weigh in their favor. As to the first *Sullivan* factor, Defendants argue that Plaintiff's failure to set out a *prima facie* case is evidenced by the District Court's dismissal of the Complaint without leave to amend. Defendants argue that Plaintiff's Complaint failed to set out a *prima facie* case because the arrest affidavit clearly revealed probable cause. Indeed, the lynchpin of the District Court's dismissal of Plaintiff's claims was the finding that Defendants had probable cause to arrest Plaintiff based on the statement of the victim. (ECF No. 22 at 6) ("Even without any corroborating information . . . the victim's statement is enough for a reasonable officer to conclude that probable cause existed to arrest Plaintiff."). The District Court relied on authority from the Eleventh Circuit that "[g]enerally, an officer is entitled to rely on a victim's criminal complaint as support for probable cause." (*Id.*) (quoting *Rankin v. Evans*, 133 F.3d 1425, 1441 (11th Cir. 1998)).

Plaintiff's Response ignores the *Sullivan* factors and Defendants' analysis of their applicability here. Rather, Plaintiff argues that his Complaint would not meet the frivolity standard set forth by the Supreme Court for reviewing an *in forma pauperis* complaint pursuant to § 1915. *See* (ECF No. 25 at 2) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Plaintiff's Response argues that, although the Court dismissed the Complaint on a finding of probable cause, the fact that he successfully defended

the criminal allegations in the state court proceedings precludes a finding here that his claims were frivolous. Plaintiff in his Response rehashes the merits of the motion to dismiss and avers that his complaint "contained enough facts to plausibly allege the required elements of a false arrest and malicious prosecution cause of action on the State and Federal levels." (ECF No. 25 at 4). Ultimately, the first *Sullivan* factor weighs in support of finding Plaintiff's claims frivolous because the claims were dismissed with prejudice. *See Steffens v. Nocco*, No. 19-CV-1940, 2022 WL 1467353, at *2 (M.D. Fla. Apr. 21, 2022) (finding *Sullivan* factor one weighed in favor of a party seeking fees when four out of five of opposing party's claims were dismissed with prejudice), *report and recommendation adopted*, 2022 WL 1459551 (M.D. Fla. May 9, 2022).

As for the second *Sullivan* factor, Defendants aver that they never made an offer to settle. (ECF No. 23 at 5). Plaintiff does not dispute this representation. Accordingly, the second factor weighs in Defendants' favor. Likewise, dismissal of Plaintiff's Complaint with prejudice at the motion to dismiss stage weighs in favor of the third *Sullivan* factor as well. *See Beach Blitz Co.*, 13 F.4th at 1303 (weighing second and third *Sullivan* factors in favor of frivolity where defendant never offered to settle claims, and the complaint was dismissed at the pleading stage).

Finally, Defendants argue that the fourth factor—whether the case required careful attention and review—weighs in their favor as well. Because the District Court needed only to review the arrest affidavit to make a finding of probable cause as to all twenty counts, the Court agrees that probable cause underlying the arrest was patent. *Cf. Cross v. Johnson*, No. 23-CV-60393, 2024 WL 4544176, at *5 (S.D. Fla. Oct. 4, 2024) (reasoning that finding of probable cause which, required careful review of a cell phone recording together with Florida statutes and federal law, weighed against finding that disposition at summary judgment was so obvious as to render Plaintiff's claim frivolous), *report and recommendation adopted*, 2024 WL 4542439 (S.D. Fla. Oct. 21, 2024).

6

Accordingly, each of the four factors set out by the Eleventh Circuit guiding awards of fees under 42 U.S.C. § 1988 weigh in favor of a finding that Plaintiff's complaint was "frivolous, unreasonable, or without foundation." *Baker v. Alderman*, 158 F.3d 516, 524–25 (11th Cir. 1998). Therefore, Defendants' Motion should be **GRANTED**.

## IV. CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Attorney's Fees Pursuant to 42 U.S.C. § 1988 (ECF No. 23) be **GRANTED.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 13th day of December, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record