UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:23-cv-21797-KMM

JEFF FLEURANVILLE,

    Plaintiff,

v

MIAMI-DADE COUNTY, *et al.*,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Defendants' Verified Motion for Attorney's Fees (ECF No. 39). Plaintiff has not filed a Response, and the time do so has now passed. Upon consideration of the Motion, Response, Reply, and being otherwise duly advised in the premises, the undersigned **RECOMMENDS** that Defendants' Motion (ECF No. 39) be **GRANTED**, to the full extent movant seeks fees incurred at the trial level, and **DENIED**, only to the extent the current application includes fees incurred on the appeal.

**I.   BACKGROUND**

Plaintiff filed this suit in connection with his arrest and subsequent detention in May of 2018 against Defendants, Miami-Dade County Police Department Officers Joseph Wislin, Gregory Cheever, Ernesto Miranda, Lashonya Leonard, and Darlene Cordero.[1] (ECF No. 10).

Plaintiff brought claims of false arrest and malicious prosecution under Florida and Federal law against each named Defendant. Defendants moved collectively to dismiss the Complaint as having been barred by the doctrine of qualified immunity. Specifically, Defendants argued that the Officers had

---

[1] Miami-Dade County was dropped as a Defendant between Plaintiff's first and Amended Complaint. *See* (ECF Nos. 1, 10).

1

actual or arguable probable cause to support their actions; therefore, Plaintiff's false arrest and malicious prosecution claims were barred under both federal and Florida law. (ECF No. 17). The District Court granted Defendants' Motion to Dismiss on the grounds that the Officers' actions were supported by probable cause. (ECF No. 22). The Complaint in its entirety was dismissed with prejudice. Plaintiff moved to reconsider and to alter judgment; those motions were also denied. Plaintiff appealed to the Eleventh Circuit Court of Appeals.

Defendants moved the Court to determine entitlement to attorney's fees incurred for litigating this action under 42 U.S.C. § 1988, and in accordance with Southern District of Florida Local Rule 7.3. (ECF No 23). The undersigned issued a Report and Recommendation on that Motion, recommending that the Motion be granted because, by virtue of obtaining dismissal of Plaintiff's federal claims, Defendants were the prevailing parties pursuant to *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir. 1985). (ECF No. 37). The District Court adopted the Report and Recommendations. (ECF No. 38). Defendants later filed the present Motion seeking entry of an Order awarding fees in the amount of $21,612.50, (ECF No. 39), to which Plaintiff filed no response in opposition. Three days after Defendants filed this Motion, the Eleventh Circuit affirmed the District Court's dismissal of Plaintiff's claims. (ECF No. 41).

II.   **DISCUSSION**

In assessing the reasonableness of a request for attorney fees, the Eleventh Circuit applies the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303 (11th Cir. 1988)) (internal quotation marks omitted). Evidence in support of the fee applicant's request requires "sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. "Where the time or fees claimed appear excessive, or there is a lack of support for the fees claimed, 'the court may make the award on its own experience.'" *Ramirez v. Scottsdale Ins. Co.*, No. 20-CV-22324, 2022 WL 4096728, at *5 (S.D. Fla. Aug. 18, 2022), *report and recommendation adopted*, No. 20-22324-CIV, 2022 WL 4094562 (S.D. Fla. Sept. 7, 2022) (quoting *Norman*, 836 F.2d at 1303). However, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The role of the court is to "do rough justice, not to achieve auditing perfection." *Id.*

Here, Defendants request $21,612.50 in fees, and Plaintiff has filed no objection. The Court addresses each step of the lodestar analysis in turn.

    **A.**     **Reasonable Hourly Rate**

The first step in computing the lodestar amount is to determine the reasonable hourly rate in the relevant market, which is the place where the case is filed. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299; *see also Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 737 n.1 (11th Cir. 1988). Evidence of the reasonable hourly rate is to be determined by more than just the affidavit of the attorney performing the work. *See Norman*, 836 F.2d at 1299. "[S]atisfactory evidence necessarily must speak to the rates actually billed and paid in similar lawsuits." *Id.*

The Court relies on the factors enumerated in *Johnson v. Georgia Highway Express, Inc.*,

3

488 F.2d 714 (5th Cir. 1974). The *Johnson* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–20.

Although Defendants were represented by a government attorney who generally does not have an established hourly rate, Defendants argue that the hourly rate of $350.00 for Assistant County Attorney Fabiana Cohen is reasonable based on her credentials, skills, experience, and the caliber of the work performed. Plaintiff has not contested the reasonableness of this rate.

The hourly rate for Defendants' attorney is reasonable. Ms. Cohen was admitted to the Florida bar in 2015 and has been employed with the Miami-Dade County Attorney's Office since September 2020. (ECF No. 39-1 ¶¶ 2, 5). Since joining the County Attorney's Office, Ms. Cohen has appeared as counsel of record in more than two dozen cases before the Southern District of Florida and, of those, has tried multiple cases to verdict. (*Id.* ¶ 11). Prior to joining the County Attorney's Office, Ms. Cohen was an associate practicing commercial litigation until she served as a law clerk in this District from 2018 to 2020. (*Id.* ¶¶ 7, 8).

Based on the Court's knowledge of the market rates and case law in this District, the Court finds that the requested rate of $350.00 is fair and reasonable.[2] *See, e.g., Sloan v. Miami-Dade Cnty.*, No. 1:18-CV-21517, 2020 WL 5902486, at *7 (S.D. Fla. Jan. 24, 2020), *report and*

---

[2] This Court is familiar with this Assistant County Attorney in particular, and observes that the hourly rate requested is actually well below her true market rate. Which is to say, it is more than fair and reasonable.

*recommendation adopted*, ECF No. 111 (S.D. Fla. Mar. 9, 2020) (finding rate of $350.00 to be reasonable for government attorney with ten years of experience); *Chavarria v. Miami Mgmt., Inc.*, No. 24-CV-61091, 2025 WL 2299299, at *2 (S.D. Fla. July 23, 2025), *report and recommendation adopted*, 2025 WL 2280496 (S.D. Fla. Aug. 8, 2025) (finding rate of $400 to be reasonable for attorney with close to ten years of experience). Accordingly, I recommend that Defendants' attorney's fee award be calculated at the hourly rate of $350.00.

      **B.**      **Reasonable Number of Hours Expended**

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended in the litigation. The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *See Norman*, 836 F.2d at 1299. Counsel must have reliable evidence to support hours that are claimed. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988). The determination of reasonableness lies in the sound discretion of the trial court. *Norman*, 836 F.2d at 1301.

Movant has provided an estimate of time incurred and description of each task for which Defendants seek reimbursement, for a total of 61.75 hours. Defense counsel attests that, although her office does not typically keep contemporaneous time records, she calculated her time based on a "review of docket entries, emails, calendar entries, notes, documents, and drafts[,]" and "[a]ny doubts regarding the amount of time spent in litigation have been resolved against including the additional time." (ECF No. 39-1 ¶ 13). I find Defendants' methodology adequate and reliable for purposes of determining the reasonableness of Defendants' request for attorney's fees. *See Jean v. Nelson*, 863 F.2d 759, 772 (11th Cir. 1988) ("[C]ontemporaneous time records are not

indispensable where there is other reliable evidence to support a claim for attorney's fees."); *Smith v. Miami-Dade Cnty.*, No. 13-21986-CIV, 2014 WL 11894427, at *5 (S.D. Fla. Oct. 14, 2014), *report and recommendation adopted*, 2014 WL 11879594 (S.D. Fla. Dec. 1, 2014).

The Court has considered Defendants' Motion and the Declaration of Defense counsel and has determined that Defense Counsel's billed time is compensable and reasonable, to the extent it was incurred at the trial level. I therefore recommend that Movant be awarded the full amount of the time incurred in securing this favorable outcome, a total of 39.75 hours.

However, Defendants' Application includes billing entries for 22 hours expended between June 10, 2024 and October 11, 2025, defending the appeal of this matter before the Eleventh Circuit. (ECF No. 39-1 at 4–5). Defendants' briefing is silent on their entitlement to those fees or whether those fees can be properly awarded by this Court.

In their sole argument on entitlement in the present Motion, Defendants rely on the Court's Order finding that Defendants were the prevailing parties in this action. *See* (ECF No. 39 at 1). Importantly, the Court's ruling on entitlement encompassed only the District Court's dismissal and did not address Plaintiff's appeal. Indeed, the appeal was still pending when the Court entered its Order. In their present Motion—which was also filed prior to the Eleventh Circuit's judgment in their favor[3]—Defendants have not argued whether they are entitled to the appellate fees they seek. Accordingly, the Court should decline to award 22 hours of fees incurred defending against Plaintiff's appeal to the Eleventh Circuit Court of Appeals.

---

[3] Furthermore, the Eleventh Circuit's Mandate did not include an Order transferring any application for attorney's fees filed on behalf of the Defendants/Appellees. The Eleventh Circuit's rules governing applications for attorney's fees provide a deadline for their filing and set forth the Court's requirements, including "a memorandum showing that the party seeking attorney's fees is legally entitled to them[,]" and counsel's supporting documentation. 11th Cir. R. 39-2(a), (b). Additionally, the rules provide that "[a]ny party who is or may be eligible for attorney's fees on appeal may, within the time for filing an application . . . file a motion to transfer consideration of attorney's fees on appeal to the district court . . . from which the appeal was taken." 11th Cir. R. 39-2(d). The Mandate and District Court docket do not indicate any such application or transfer.

6

    **C.**    **Lodestar Calculation**

For the reasons stated herein, the undersigned recommends that Defendants' Motion be granted in part and all fees incurred at the trial level be awarded; and, therefore, Defendants should be awarded $13,912.50.

**III.**    **CONCLUSION**

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Verified Motion for Attorney's Fees (ECF No. 39) be **GRANTED, in part, and DENIED, in part.**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida this 6th day of January, 2026.

                                                     LAUREN F. LOUIS
                                                   UNITED STATES MAGISTRATE JUDGE